PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JESSICA KETER                    Docket Number: 08-cr-00215-REB-01

**Petition for Issuance of a Summons for a Hearing on Modification of Supervised Release**

      COMES NOW, Carrie Kent, probation officer of the court, presenting an official report upon the conduct and attitude of Jessica Keter, who was placed on supervision by the Honorable Todd J. Campbell, sitting in the court at Nashville, Middle District of Tennessee, on the 2nd day of February, 2006, who fixed the period of supervision at two (2) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

(1)      The defendant shall pay restitution to the victim identified in the Criminal Monetary Penalties section of this Judgment in an amount totaling $39,446.97. Payments shall be submitted to the United States District Court, Clerk's Office, Eighth Floor, 801 Broadway, Nashville, Tennessee 37203. Restitution is due immediately. While incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the Defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the Defendant's gross monthly income. No interest shall accrue. Pursuant to 18 U.S.C. § 3664(k), the Defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might affect ability to pay.

(2)      The Defendant is prohibited from owning, carrying or possessing firearms, ammunition, destructive devices or other dangerous weapons.

(3)      The Defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

(4)      The Defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community corrections center at the direction of the Probation Officer.

(5)      The Defendant shall participate in a mental health program as directed by the Probation Officer. The Defendant shall pay all or part of the cost for mental health treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

(6)      The Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

**On January 31, 2007, jurisdiction was transferred from the Middle District of Tennessee to the Eastern District of Tennessee. On May 16, 2008, jurisdiction was transferred from the Eastern District of Tennessee to the District of Colorado.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See Attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for a hearing on modification of the conditions of supervised release.

## ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 13th day of June, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Carrie Kent |
| | Carrie Kent |
| | U.S. Probation Officer |
| s/ Robert E. Blackburn | |
| Robert E. Blackburn | Place: Denver, Colorado |
| U.S. District Judge | |
| | Date: June 9, 2008 |

**ATTACHMENT**

On September 20, 2007, following a transfer of supervision to the District of Colorado, the conditions of supervised release were read and explained to the defendant. On that date she acknowledged in writing that the conditions had been read to her, that she fully understood the conditions, and that she was provided a copy of them. The term of supervised release commenced December 14, 2006, in the Eastern District of Tennessee.

On September 20, 2007, the defendant was directed by the probation officer to participate in a dual diagnosis treatment program at Correctional Management, Inc. (CMI), located at 570 W. 44th Avenue, Denver, Colorado 80216. The program consists of random substance abuse testing, weekly individual therapy sessions, and psychiatric treatment with psychotropic medication. The defendant has not participated in the program as directed. Specifically, the Probation Office received written notification from CMI that the defendant failed to submit urine samples as required on the following dates: September 28, 2007; October 7, 2007; November 4, 2007; December 1, 2007; December 14, 2007; January 18, 2008; February 4, 2008; March 24, 2008; April 12, 2008; April 27, 2008; and May 5, 2008. Additionally, the Probation Office received written notification that the defendant missed scheduled treatment sessions on the following dates: February 14, 2008; February 28, 2008; March 6, 2008; April 3, 2008; April 10, 2008; and May 1, 2008.

In addition to noncompliance related to the dual diagnosis treatment program, the defendant has failed to make restitution payments as directed. On February 2, 2006, the defendant was ordered by the sentencing court to pay restitution in the amount of $39,446.97, with payments to be made at a minimum monthly rate equaling ten percent of her gross monthly income. On September 20, 2007, the defendant executed a written payment plan in which she agreed to "...make monthly installment payments of at least $100 by the 15th day of each month until further notice." As of this date, the defendant has failed to make any payment toward her restitution obligation.

In response to the noncompliance outlined above, the probation officer consulted Senior U.S. Probation Officer Paul Harris in the Eastern District of Tennessee and then requested that the defendant sign a Waiver of Hearing to Modify Conditions of Supervised Release or Extend Term of Supervision, with the proposed modification being a six month placement in a residential re-entry center. The defendant was unwilling to sign the waiver. On May 16, 2008, jurisdiction was transferred to the District of Colorado. On June 6, 2008, the Federal Public Defender was appointed to represent the defendant in conjunction with a hearing to modify the conditions of supervised release.

The Probation Office now petitions the court for the issuance of a summons, in order to compel the defendant's appearance at a hearing to modify the conditions of supervised release to include placement in a residential re-entry center for a period of up to six months, as directed by the probation officer. In addition to the proposed modification of conditions of supervised release, the Probation Office recommends that the court extend the term of supervised release by one year. The extended term of supervision will afford the defendant the opportunity to benefit from continued dual diagnosis treatment, and time to address her unpaid restitution obligation.